IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

BARBARA ROWELL, :
:
    Plaintiff :
:
  VS. :
: 7 : 05-CV-125 (HL)
JO ANNE B. BARNHART, :
Commissioner of Social Security, :
:
    Defendant. :

## RECOMMENDATION

The plaintiff herein filed this Social Security appeal on December 12, 2005, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed applications for disability and Supplemental Security Income benefits in December 2002, alleging disability since June 15, 2002, due to back, neck, knee, chest and shoulder pains and headaches. Her onset date was subsequently amended to January 1, 2003. Her claim was denied initially and upon reconsideration. Following a hearing, the ALJ determined that the plaintiff retained the residual functional capacity to perform a limited range of light work, and that she could return to her past relevant work as a small products assembler. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ improperly rejected the opinion of her treating physician in favor of that issued by a non-examining physician, that he erred in making his credibility determination, and that he erred in determining that the plaintiff could return to her past relevant work.

The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since January 1, 2003, despite her initial assertion that she had become unable to engage in substantial gainful activity in June 2002. He further determined that the plaintiff suffered from severe impairments of chronic obstructive pulmonary disease and degenerative disc disease of the cervical spine.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Treating physician*

Initially, the plaintiff argues that the ALJ erred in adopting a non-examining physician's evaluation that the plaintiff could perform light work, while rejecting the opinion of treating physician Dr. Hight. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

Herein, the ALJ noted that

> [t]he claimant was treated by Dr. Perry Hight in 2002 and 2003 for a four-year history of neck pain. A cervical MRI in November 2002 showed a small central protrusion of the C2-3, C3-4, and C4-5 discs with bulging at C5-6 and C6-7 associated with osteophytes. Although no objective testing of the lumbar spine was performed, she was assessed with degenerative disc disease of the *lumbar* spine and there was no cervical diagnosis. There is no evidence that she has returned to Dr. Hight for treatment or further diagnostic testing

3

> since 2003.
>
> Although she was assessed with degenerative disc disease of the *lumbar* spine by Dr. Hight in 2002, there was no objective testing of the lumbar spine. X-rays of the lumbar spine in August of 2004 revealed five well developed lumbar vertebral bodies with no defects or spondylolisthesis and very well maintained disc space.
>
> On January 22, 2003, Dr. Hight wrote a note "To whom it may concern" and stated that the claimant had severe pain in her cervical region due to degenerative disc disease as evident on MRI and it was his opinion that she should be disabled due to this problem. As discussed above, there is no evidence that the claimant has returned to Dr. Hight since 2003. While the alleged symptoms and functional limitations reported by Dr. Hight have been considered to the extent that they are supported by the medical evidence, as well as by his own treatment records, his opinion that the claimant is disabled is of no special significance as this is a determination reserved to the Commissioner of the Social Security Administration pursuant to Social Security Ruling 96-5.

R. at 18-21.

Despite the plaintiff's various recitations of alleged error, a review of the ALJ's decision and the record herein reveals that the ALJ's decision is supported by substantial evidence. The ALJ properly discounted the opinion of disability issued by Dr. Hight, a determination ultimately reserved to the Commissioner, based on the nature and extent of the treatment relationship with the plaintiff and the contradictions between the physician's conclusions and the actual test and treatment results. "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Syrock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). The record establishes that the plaintiff's treatment relationship with Dr. Hight ended in 2003, two(2) years prior to the issuance of the ALJ's hearing decision. Dr. Hight's treatment records reflect treatment of the plaintiff between July 2002 and January 2003, and consist only of three (3)

4

office visits and a cervical MRI performed on November 25, 2002. On January 22, 2003, Dr. Hight issued a statement wherein he provided that "Mrs. Rowell has severe pain in her cervical region due to degenerative disc disease as evident on an MRI. It is my opinion that she should be disabled due to this problem." R. at 142. Dr. Hight did not make any reference to the specific findings in the MRI results, to his findings upon examination and treatment of the plaintiff, or to the details of his treatment plan(s). Thus, the nature and extent of his treatment relationship with the plaintiff, as well as the substantive results of his testing and examination(s), provide little or no support for his overall finding of disability. To the extent that the plaintiff also argues that the ALJ erred in crediting the findings of the consultative agency physician, the court notes, as pointed out by the Commissioner, that no physicians reported specific functional limitations or restrictions that contradicted the consultative agency physician's findings.

*Credibility*

The plaintiff also argues that the ALJ erred in making a credibility determination regarding the plaintiff's statements, failing to consider portions of the record and improperly interpreting her daily activities. Plaintiff further alleges that the ALJ did not apply the pain standard. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.

20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

In regard to the plaintiff's credibility, the ALJ determined that

> The claimant can cook, wash dishes, shop with her daughter, drive, and attend church. She testified that on a scale of 1-10, her pain stayed at a level 10, yet she declined surgical treatment that her treating source reported would alleviate her symptoms, and the evidence does not show that she has sought recent and continued treatment as one would expect from somebody suffering the worst pain imaginable. Because of the contradictions noted above, I find that the claimant has not been fully credible regarding her symptoms and functional limitations.

R. at 20.

The ALJ provided a thorough discussion of the medical evidence of record and proceeded through the five-step sequential evaluation process, finding the presence of severe impairments, determining that these impairments did not meet or equal any listings, and determining the plaintiff's residual functional capacity. Within his decision, the ALJ provides specific reasons for discrediting the plaintiff's subjective account of pain and disability, pointing to her daily activities, her lack of surgical treatment and her failure to seek further treatment for the alleged

6

pain. Although the plaintiff argues against the ALJ's recitation of her daily activities, she does not deny that she can, as stated by the ALJ, carry out these activities. She testified to doing some cooking and dishwashing, even if she is motivated to do so only because she is depressed, and she testified to leaving her house for shopping purposes twice a week.

*Past relevant work*

Finally, the plaintiff argues that the ALJ erred in posing hypotheticals to the Vocational Expert ("VE"). The plaintiff maintains that the ALJ's hypothetical question to the VE "does not track the job duties required of a small products assembler." In posing hypothetical questions to a VE, the ALJ must comprehensively describe a claimant's impairments. Pendley v. Heckler, 767 F.2d 1561, 1562 (11th Cir. 1985). "[T]he answer by a VE to a hypothetical question may be relied upon as substantial evidence by an ALJ so long as the question takes into account the claimant's precise condition and limitations." Holley v. Chater, 931 F. Supp. 840, 851 (S.D.Fla. 1996).

In the VE's presence, the ALJ questioned the plaintiff as to the specific duties of her past relevant work, and clarified how she performed her duties as a worker on a car parts assembly line. R. at 294. The VE testified that there were no significant differences between the way this job was performed currently versus the way it was described in the Dictionary of Occupational Titles, and he further testified that there were no significant differences in the way the plaintiff described performing her duties and the way the VE had seen these duties performed. R. at 295-296. The ALJ was entitled to rely on the VE's testimony and conclusions based on the evidence before him. McSwain v. Bowen, 814 f.2d 619-620 (11th Cir. 1987).

Inasmuch as the Commissioner's final decision in this matter is supported by substantial

evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 21st day of February, 2007.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE